**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANNTINETT MARY BROWN          \*
         \*
       v.                    \*        Civil Case No. CCB-13-2743
         \*
COMMISSIONER, SOCIAL SECURITY          \*
         \*
         \*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2013-06, the above-referenced case was referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the Commissioner's Motion to Dismiss. [ECF No. 14].  I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011).  For the reasons set forth below, I recommend a show cause order be issued, requiring the Plaintiff to file a response to demonstrate continuing intention to prosecute her appeal.

On September 17, 2013, Plaintiff Anntinett Mary Brown, who appears *pro se*, filed a complaint appealing a denial of Social Security disability benefits.  [ECF No. 1].   On January 24,  2014, I issued a scheduling order listing a deadline of March 28, 2014 for filing Plaintiff's Motion for Summary Judgment and supporting memorandum of law.  [ECF No. 11].  However, Plaintiff has not filed any documentation of any sort with the Court since her initial documents on September 17, 2013.  After the Commissioner filed its Motion to Dismiss, citing a failure to prosecute, the Clerk's Office mailed a Rule 12/56 letter to Ms. Brown.  [ECF No. 15].  That letter advised Ms. Brown that a failure to oppose the Commissioner's motion could result in dismissal of her case.  *Id.*  Ms. Brown filed no response.

The Commissioner now seeks dismissal of Ms. Brown's case for failure to prosecute, contending that Ms. Brown's failure to file a Motion for Summary Judgment warrants dispositive action.  Def. Mot. at 2-3.  The Commissioner cites cases from other district courts within the

Fourth Circuit to establish that Social Security appeals can be dismissed under like circumstances. *Id.* I disagree with the Commissioner's position on two grounds. First, the scheduling order used in this district provides a deadline for filing a motion for summary judgment, but contains no language requiring or expressly ordering that such a motion be filed in order to proceed with an appeal. Because the cases cited by the Commissioner do not provide express quotes from the scheduling orders used in those cases, it is unclear whether those orders plainly instructed the plaintiffs that they must file a dispositive motion. Second, in at least several of the cases cited by the Commissioner, additional intervening steps were taken, prior to dismissal of the case, to ascertain whether the plaintiffs intended to pursue their appeals. *See, e.g., Paul v. Colvin,* No. 3:13-cv-639-JRS, 2014 WL 896987 (E.D. Va. March 6, 2014) (noting that the Commissioner had sent a warning letter to the plaintiff of her intent to file a motion to dismiss if the plaintiff did not file a summary judgment motion, but no response was received); *Morgan v. Colvin,* No. 3:13-cv-397-MR-DLH, 2014 WL 695284 (W.D.N.C. Feb. 24, 2014) (noting that a show cause order had been sent to plaintiff, to no avail).

Moreover, despite what the practice may be in other courts, I do not believe it appropriate to require a *pro se* plaintiff to file a dispositive motion in order to adjudicate a Social Security appeal. In other cases in this District, *pro se* plaintiffs have written informal letters, have submitted medical records with no cover letter or memorandum, or have filed no additional documentation prior to the adjudication of their appeals. If the Commissioner files a motion for summary judgment, this Court can use the transcript of the administrative proceedings and the Commissioner's motion to address the merits of a *pro se* plaintiff's appeal, even if the plaintiff does not file a dispositive motion.

Nevertheless, in light of Ms. Brown's lack of recent communication with the Court and her failure to respond to the Rule 12/56 letter, I recommend that the Court issue a show cause

order.   I recommend that the show cause order direct Ms. Brown to state, in writing, whether she intends to proceed with her appeal and warn Ms. Brown that a failure to respond by the deadline will result in dismissal of her case.  If Ms. Brown indicates an intent to proceed on or before the deadline set by the Court, then I will issue a new scheduling order giving the Commissioner sixty additional days to file its Motion for Summary Judgment.  If Ms. Brown does not respond to the show cause order, then I recommend that the Commissioner's Motion to Dismiss be granted.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  June 26, 2014                                        /s/
                                                      Stephanie A. Gallagher
                                                      United States Magistrate Judge