**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANTINNETT MARY BROWN** | * | |
| | * | |
| **v.** | * | **Civil Case No. CCB-13-2743** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  The Plaintiff, Antinnett Mary Brown, who is appearing *pro se,* has not filed a motion for summary judgment.  I have considered the Commissioner's pending motion for summary judgment, which Ms. Brown did not oppose.[1] [ECF No. 21].  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary.  Local R. 105.6 (D. Md. 2014).  For the reasons set forth below, I recommend that the Commissioner's motion be denied and that the case be remanded to the Commissioner for further proceedings in accordance with this report.

Ms. Brown applied for Disability Insurance Benefits and Supplemental Security Income on January 5, 2009, alleging a disability onset date of January 1, 2003.  (Tr. 57-66).  Her claims were denied initially on February 19, 2009, and on reconsideration on December 3, 2009.  (Tr. 19, 20).  An Administrative Law Judge ("ALJ") held a hearing on November 15, 2011, at which Ms. Brown was represented by counsel.  (Tr. 218-60).  The ALJ subsequently wrote an opinion denying benefits to Ms. Brown.  (Tr. 11-18).  The Appeals Council denied review, (Tr. 3B-3E),

---

[1] On September 17, 2014, the Court sent Ms. Brown a Rule 12/56 letter advising her of the potential consequences if she did not file an opposition to the Commissioner's motion. [ECF No. 22].

making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that, during the relevant time frame, Ms. Brown suffered from the severe impairments of degenerative disc disease, hypothyroidism, hernia, and obesity.  (Tr. 13).  Despite these impairments, the ALJ determined that Ms. Brown retained the residual functional capacity ("RFC") to "perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c)."  (Tr. 15).  The ALJ thus concluded that Ms. Brown was capable of performing her past relevant work as a case worker, which was sedentary, skilled employment.  (Tr. 18).  Accordingly, the ALJ determined that Ms. Brown was not disabled.

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).  For the reasons described below, while substantial evidence supports the ALJ's decision as to Ms. Brown's physical impairments, the ALJ's evaluation of Ms. Brown's mental impairments was erroneous and insufficient.  Accordingly, remand is appropriate.

With respect to Ms. Brown's physical condition, the ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation.  At step one, the ALJ found in Ms. Brown's favor that she had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 13).  At step two, the ALJ found the severe impairments specified above.  (Tr. 13).

At step three, the ALJ engaged in an analysis of Listing 1.04 (pertaining to disorders of the spine), and noted that Ms. Brown had offered no clinical findings to satisfy the requirements.  (Tr. 15).  In particular, the ALJ noted that Ms. Brown had not demonstrated an inability to

ambulate effectively.  *Id.*  After a careful review of the record, there do not appear to be any other potentially applicable Listings that the ALJ failed to consider in his opinion.

At step four, the ALJ determined Ms. Brown's RFC.  (Tr. 15-18).  The function of this Court is not to review Ms. Brown's claims *de novo* or to reweigh the evidence of record.  *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)).  Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see* 42 U.S.C. § 405(g).  At the outset of the RFC analysis, the ALJ provided a summary of Ms. Brown's testimony at her hearing.  (Tr. 16).  With respect to the medical evidence, the ALJ noted that Ms. Brown was repeatedly prescribed, and repeatedly declined to take, appropriate thyroid medications to correct her hypothyroidism.  *See, e.g.,* (Tr. 16-17, 127-29, 131-32, 145, 146, 148, 199-200).  Moreover, as the ALJ indicated, the consultative evaluation performed by Dr. Bernard Karpers resulted in a finding that Ms. Brown physically "is able to perform work-related activity as needed."  (Tr. 17, 148-52).  The ALJ summarized the objective findings from MRI and ultrasound testing, all of which demonstrated normal or mild findings.  (Tr. 17).  The ALJ further noted that Ms. Brown walks extensively for exercise, has voluntarily postponed hernia surgery, and does not use a brace or cane for ambulation.  (Tr. 17).  The ALJ therefore assigned "great weight" to the opinions of the two state agency medical consultants, both of whom had opined that Ms. Brown was physically capable of the full range of medium work. (Tr. 18).  There were no medical opinions in the file from treating physicians expressing contrary views.  Accordingly, the ALJ's conclusion that Ms. Brown is physically capable of work at the medium exertional level was supported by substantial evidence.

The flaw in the ALJ's RFC evaluation pertains to Ms. Brown's mental impairments.  The ALJ mistakenly stated, both in the hearing transcript and in the opinion, that there were no mental health records from Ms. Brown's therapist in the file.  (Tr. 13-14, 258).   The ALJ therefore reasoned that, even if Ms. Brown were to be sent for a consultative psychological examination that found disabling mental impairments in 2011, Ms. Brown would be unable to establish that her impairments had existed for the required twelve-month period.  (Tr. 258).  In fact, however, there are a few scattered treatment notes from Ms. Brown's social worker/therapist in the file, interspersed with Ms. Brown's medical records from Health Care for the Homeless, Inc.  (Tr. 177, 180, 181).  In each of those records from October and December 2009, the licensed clinical social worker, Therese Free-Storrer, notes a diagnosis of "mood disorder not otherwise specified", and a need to "rule out psychosis." *Id.*  Ms. Free-Storrer is not an acceptable medical source.  *See* 20 C.F.R. §§ 404.1513, 416.913.  However, the ALJ, at the hearing, noted that Ms. Brown had not been examined by a medical professional who could, for example, assign a GAF score or conduct a mental status examination.  (Tr. 249).  The ALJ originally expressed a desire to refer Ms. Brown for such an examination, but later concluded that the examination would not alone establish the twelve-month requirement.  (Tr. 249, 258). Because the ALJ did not take notice of Ms. Free-Storrer's 2009 treatment notes, the ALJ did not consider whether those notes, in combination with a report from a consultative examiner, would suffice to prove the requisite duration of the impairments.

The error may be critical to the ALJ's evaluation of Ms. Brown's case, and possibly to the ultimate outcome.  The ALJ concluded that Ms. Brown was capable of her past relevant work as a caseworker.  (Tr. 18).  However, the VE testified that, if Ms. Brown had "light mental limitations" which limit her to "unskilled, routine, and repetitive tasks, occasional interaction with the public, occasional interaction with coworkers," she would be unable to perform her past

relevant work. (Tr. 256). In considering Ms. Brown's mental impairments, the ALJ repeatedly cited the lack of GAF scores, psychological testing, mental status examinations, or use of psychiatric medication. (Tr. 13-14). On remand, the ALJ should consider whether, in light of the therapist's notes in the file, Ms. Brown should be sent for a consultative psychiatric examination to provide additional information about whether or not her mental impairments are disabling, and/or whether her mental impairments are related to her largely untreated thyroid disease.

CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 21]; remand the case to the Commissioner for further proceedings in accordance with this report; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  October 27, 2014                                   _____/s/_____

                                                           Stephanie A. Gallagher
                                                           United States Magistrate Judge